UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X
SAUL JEUNE,

                              Plaintiff,

          - against -

CITY OF NEW YORK, SGT. POLANKO,
LT. RIVERA, sued in their
individual and professional
capacity,

                              Defendants.
------------------------------------------X

**11 CIV 7424**

**COMPLAINT WITH
JURY DEMAND**

The Plaintiff, SAUL JEUNE, by his attorneys, CRONIN & BYCZEK,

LLP, as and for his Complaint against the Defendants, respectfully

sets forth:

## NATURE OF ACTION

1.    This is an action for damages and equitable relief

under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1983,

42 U.S.C. §1981, 42 U.S.C. §1988, Fourteenth Amendment §5 of the

United States Constitution, Equal Protection Clause, Plaintiff

also claims that he was subjected to a hostile work environment

and was retaliated against for his complaints to his supervisors

and New York City Police Department OEEO and EEOC and New York

State Division of Human Rights. Defendants altered the terms and

conditions of his employment because of his complaints against

them.

2.    This is also an action for declaratory relief and

pecuniary damages to secure protection of and to redress

deprivation of rights secured by the United States Constitution.

## JURISDICTION

3.    This is an action for damages and equitable relief under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1983, 42 U.S.C. §1988, Fourteenth Amendment §5 of the United States Constitution, Equal Protection Clause, and for retaliation against Plaintiff in violation of Title VII, and New York State Executive Law §296 and New York City Human Rights Law and New York City Administrative Code §8-107.

4.    Jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1337, 1343 and 1345.  Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race, national origin and retaliation; and the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law and 42 U.S.C. §1981.

5.    The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Southern District of New York.

6.    The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296; and New York City Administrative Code § 8-502, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of facts and are such that the plaintiff would ordinarily be expected to

try them in one judicial proceeding.

7. The rights, privileges, and immunities sought herein to be redressed are also secured by the Equal Protection and Due Process clauses of the Fourteenth Amendment of the United States Constitution.

8. Venue is proper within this District, as the acts complained of were and are being committed within its boundaries.

## PREREQUISITES FOR TITLE VII
## DISCRIMINATION AND SUBSEQUENT RETALIATION

9. On or about June 10, 2011, Plaintiff filed a Complaint of employment discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and New York State Division of Human Rights.

10. Said Complaint charged employment discrimination and retaliation against Plaintiff by Defendants because of Plaintiff's race, national origin and retaliation for complaints made against Defendants.

11. Subsequent to Plaintiff's filing of the charge, Plaintiff's counsel, after requesting the Right to Sue letter, received the Notice of Right to Sue on July 22, 2011. Said letter advised Plaintiff that he has the right to institute a civil action under Title VII.

12. This lawsuit is commenced within ninety (90) days of receipt of said notice. A copy of Notice of Right to Sue letter is attached as **Exhibit "A"**.

## PARTIES

13.    Plaintiff SAUL JEUNE, is a resident of the State of New York, is over twenty-one (21) years of age, and is a citizen of the United States. At all times relevant to this action, Plaintiff is a uniformed member of the New York City Police Department where he has served as a Police Officer since 2005. Plaintiff is assigned to the 26th Precinct Squad B1.    Plaintiff is a Haitian American who opposes the discriminating and retaliations custom, policy and practices of the City of New York.

14.    Defendant CITY OF NEW YORK is a municipal entity created an authorized under the laws of the State of New York. Defendant CITY OF NEW YORK is authorized by law to maintain a Police Department that acts as its agent in the area of law enforcement and for which it is ultimately responsible.

15.    Defendant SGT. POLANKO ("POLANKO") is a Sergeant in the New York City Police Department assigned to 26th Precinct, and as such has supervisory authority over Plaintiff at the time of the actions herein complained of; she is being sued in his individual and his official capacity.

16.    Defendant LT. RIVERA ("RIVERA") is a Lieutenant in the New York City Police Department assigned to the 26th Precinct and had authority over Plaintiff at the time of his actions herein complaints of; he is being sued in his individual and his official capacity.

## FACTUAL BACKGROUND

17. On January 10, 2005, Plaintiff was appointed to the New York City Police Department (N.Y.P.D.) in the rank of police officer.

18. On or about January 2010 Plaintiff was identified as a witness for a fellow officer who was a litigant against their NYPD Supervisor in a Federal Employment discrimination lawsuit. Said Supervisor informed the individual Defendants that Plaintiff was going to assist a fellow female police officer in her lawsuit against the Supervisor. As such, the individual defendants retaliated against Plaintiff by denying him days off pursuant to Family Medical Leave Act due to the birth of his child on March 11, 2011.

19. On or about February 12, 2011, Plaintiff communicated to Defendants RIVERA and POLANKO that he would need some time off for the birth of his child who was due in March. Said communicated to Defendant POLANKO was witnessed by P.O. Ricardo Richards.

20. On March 11, 2011 after Plaintiff's tour was over, Plaintiff immediately went to the hospital for the birth of his child, who was born at 7:56 p.m.

21. As a result of the joyous birth of Plaintiff's child, Plaintiff requested time off so that he could be with his wife and new born child. Said request was unjustly denied by Defendant POLANKO.

22. Other white officers who have not filed complaints or

assisted other fellow officers in fighting discrimination have been granted time off to care for their wives and new born children without any difficulty i.e. P.O. Giordano (sic).

23. On March 12, 2011 at approximately 12:00 a.m., Plaintiff called his precinct and spoke with Sgt. Gottlieb was granted an "E" day (emergency day) at 12:00 a.m. from another Supervisor, Sgt. Gottlieb. On said date, Plaintiff asked for a few days off and was told by Sergeant Zaloff "I was told to deny you the day".

24. On March 12, 2011 Plaintiff complained to his PBA Union Delegate, P.O. Sountis who later called Plaintiff and said Defendant POLANKO refused him as well.

25. On March 13, 2011 Plaintiff again asked for a day off to care for his wife and child and again Defendant POLANKO denied his request for no reasonable basis. Plaintiff then asked defendant POLANKO if he could just go pick up his wife and baby from the hospital and bring them home and then go back to work. Said request was unjustly denied repeatedly until Plaintiff threatened to go over her head and contact the Duty Captain. Defendant POLANKO let Plaintiff go to the hospital to pick up his wife and baby daughter but was forced to return to the precinct and finish his tour rather than stay home with his family.

26. On March 14, 2011 Plaintiff spoke to Defendant RIVERA in the morning to ask for March 17-21, 2011 off to care for his wife and new baby. (Plaintiff already had March 15 and 16 as regular days off). Defendant RIVERA unjustly denied said request and stated "I will not overrule Sgt. Polanko because you don't

bring anything to the plate." "Sometimes there is flexibility but... you're not bringing anything to the table".

27. On March 17, 2011 Plaintiff filed a complaint with the OEEO that he was being discriminated against.

28. Soon thereafter, Plaintiff was retaliated against by being split from his partner, switched to a foot post to write double parked vehicle tickets, put on a detail that required overtime all in an effort to prevent Plaintiff from being able to be home with his newborn and wife. On March 18, 2011 I was again split from my partner and made to drive the Sergeant again to insure that I would have to work overtime.

29. On March 22, 2011 Plaintiff filed a complaint with the NYPD OEEO office regarding the Defendants discriminatory conduct.

30. On or about April 2011, Plaintiff was denied overtime by having two arrests that he had made, taken away and given to another police officer, who was not involved in the investigation by Defendant POLANKO.

31. On June 9, 2011, Plaintiff filed a Notice of Claim with the New York City Comptroller's Office against the City of New York.

32. On June 10, 2011, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. On or about August 2011, Plaintiff was at the hospital with his daughter throughout the night. He called his precinct to advise them that he would be coming to work late but could not give a definite time. He later spoke with Defendant POLANKO and was told that he would be assigned a foot post which requires that he work

a 12 hour shift.    Plaintiff told Defendant POLANKO that because he was at the hospital throughout the night with his baby daughter and had not slept, he could not work the 12 hour shift. Defendant POLANKO refused to change Plaintiff's assignment.

33.    Plaintiff continued to be retaliated against by being assigned punitive Administrative work and Hospital posts and separation from his partner being made permanent.

34.    As a result of the aforementioned discriminatory and retaliatory conduct, Plaintiff has suffered mental stress, humiliation, embarrassment, emotional pain and suffering, anxiety, insomnia,

## AS AND FOR A FIRST CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1981 AGAINST ALL DEFENDANTS

35.    The plaintiffs repeat, reiterate and realleges each and every allegation contained in paragraphs "1" through "34" with the same force and effect as if fully set forth herein.

36.    The aforementioned conduct on the part of the defendants, was without cause or justification, and violated the Plaintiffs' civil rights, privileges and immunities as guaranteed by 42 U.S.C §1981, in that such actions in regards to denial of leave due to the birth of Plaintiff's child in retaliation for assisting a fellow police officer in her lawsuit against the City of New York and other NYPD supervisors were taken by Defendants solely on account of the Plaintiff's color and race.

37.    The actions of Defendants, in depriving Plaintiff of his Constitutional and Civil Rights, as hereinbefore stated, was

a willful and malicious act.

38.   As a direct and a proximate result of the injuries described supra, Plaintiff has suffered and will in the future suffer damages and are entitled to compensation and consequential damages in the sum of FIVE HUNDRED THOUSAND ($500, 000.00) DOLLARS.

### AS AND FOR A SECOND CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1983 AGAINST ALL DEFENDANTS

39.   The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "38" with the same force and effect as if fully set forth herein.

40.   Throughout the events recited herein, the individual Defendants, while acting under the color of law, subjected the Plaintiff to the deprivation of rights, privileges and immunities secured by the Constitution and laws of the United States, and specifically the Equal Protection and Due Process guarantees of the Fourteenth Amendment of the Constitution, Freedom of Speech pursuant to the First Amendment of the Constitution and Civil Rights as guaranteed under Article I, Section II, of the New York State Constitution.

41.   Plaintiff has been deprived of his Constitutional Rights to be free of discrimination and retaliation under Title VII based upon his race, national origin and retaliation for opposition to discrimination and workplace violations and has been damaged and suffered emotional distress, economic damages and conscious pain and suffering as a result of these actions.

42.   The actions of Defendants, in depriving Plaintiff of

his constitutional and civil rights, as hereinbefore stated, were willful and malicious acts.

43. In addition to Plaintiff, Defendants have similarly violated the rights of other minority officers, all as part of a deliberate policy and practice and a deliberate course of conduct.

44. As a result of the aforesaid wrongful, reckless and intentional acts of the Defendants, the Plaintiff has been damaged in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## BASED ON HOSTILE WORK ENVIRONMENT

45. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" to "44" with the same force and effect as if fully set forth herein.

46. The Defendants intentionally and wrongfully discriminated against the Plaintiff in his employment on the account of his race and national origin and retaliated by creating a hostile work environment in violation of the Constitution of the United States and applicable statutes.

47. Defendant CITY knew or should have known that their Defendant-employees had a propensity to act in a harassing and discriminatory manner based on the complaints filed against them by Plaintiff but choose to disregard and condone said conduct.

48. Defendants' harassments were severe and pervasive so as to alter the conditions of Plaintiff's employment causing Plaintiff to be unjustly disciplined by being placed on foot post patrol, prisoner transportation, hospital post, reassignment of

10

Plaintiff's arrests to another officer, separated from his partner and denied days off.

49. As a result, the Defendants' actions created an abusive working environment in that the Plaintiff was verbally harassed in the presence of supervisors and fellow employees.

50. The Defendants' conduct caused irreparable damage to the Plaintiff.

51. As a result of these negligent, wrongful, careless, reckless and intentional acts of the Defendants, Plaintiff suffered severe and extreme emotional distress and conscious pain and suffering.

52. As a result of the Defendants' conduct, the Plaintiff has been damaged in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

### AS AND FOR A FOURTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. §1983 FOR RETALIATION

53. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" to "52" with the same force and effect as if fully set forth herein.

54. Plaintiff has been unlawfully subjected to a hostile working environment and harassment in retaliation for exercising his First Amendment rights to free speech. The aforementioned conduct on the part of the Defendants was without cause or justification and violated Plaintiff's rights, privileges and immunities as guaranteed by the First Amendment of the United

States Constitution as well as the Constitution of the State of New York and the New York State Division of Human Rights Law.

55. The actions of the Defendants in depriving Plaintiff of his constitutional and civil rights were willful and malicious acts.

56. As a direct and proximate consequence of Defendants' unlawful, discriminatory and harassing conduct, Plaintiff has suffered loss of benefits and privileges of his employment with NYPD, damaged professionally and economically, suffered humiliation as well as physical and emotional pain and suffering.

57. Based on the foregoing, Plaintiff is entitled to compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION IN VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964 AS AMENDED, DUE TO RACE AND NATIONAL ORIGIN DISCRIMINATION AND RETALIATION

58. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "57" with the same force and effect as if fully set forth herein.

59. Based upon the aforementioned facts, Defendant CITY discriminated against Plaintiff as a result of his race, national origin and in retaliation for exercising his First Amendment rights.

60. Defendant CITY intentionally and willfully discriminated against and harassed Plaintiff and permitted Plaintiff to be discriminated against and harassed in his employment on account of his race, national origin and in

retaliation for opposition to discrimination, thereby violating §704(A) OF Title VII of the Civil Rights Act of 1964 as amended and 42 USC §2000e-3(a).

61.  No action was taken by Defendant CITY or its agents to stop the harassment of Plaintiff, thereby contributing to a hostile working environment.

62.  As a result of the Defendant CITY's conduct, Plaintiff has suffered economic loss, pain, humiliation, embarrassment, and extreme emotional distress and continues to suffer to this day, and further as a result of Defendants' conduct, Plaintiff has suffered both professionally and personally.

63.  As a result of the foregoing, Plaintiff has been damaged in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A SIXTH CAUSE OF ACTION PURSUANT TO THE NEW YORK STATE EXECUTIVE LAW §296

64.  The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" to "63" with the same force and effect as if fully set forth herein. ]

65.  Based on the foregoing, the defendants intentionally and willfully discriminated against the plaintiff in his employment on account of his race and national origin and retaliation in violation of New York State Executive Law § 296.

66.  As a result of the defendants' actions and of the deprivations of plaintiff's rights as guaranteed under New York State Executive Law § 296.

67.  As a result of the negligent, wrongful, careless,

reckless and intentional acts of the defendants, the plaintiff is seeking compensatory and punitive damages in the FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR AN SEVENTH CAUSE OF ACTION PURSUANT TO THE NEW YORK CITY HUMAN RIGHTS LAW

68. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" to "67" with the same force and effect as if fully set forth herein.

69. Based on the foregoing, the defendants intentionally and willfully discriminated against the plaintiff in his employment on account of his race and national origin and retaliation in violation of New York City Human Rights Law, N.Y.C. Admin. Code § 8-107.

70. As a result of the defendants' actions and of the deprivations of plaintiff's rights as guaranteed under New York City Human Rights Law, the plaintiff has been damaged.

71. As a result of the negligent, wrongful, careless, reckless and intentional acts of the defendants, the plaintiff is seeking compensatory and punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A EIGHTH CLAIM PURSUANT TO INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

72. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "71" with the same force and effect as if fully set forth herein.

73. New York State law makes it unlawful to intentionally

inflict emotional distress upon another person.

74. Based upon the foregoing, Defendants intentionally inflicted emotional distress upon Plaintiff.

75. As a direct and proximate result of the unlawful employment practices of the Defendants, Plaintiff has suffered the indignity of a hostile working environment and great humiliation, loss of career opportunity, income and related benefits, emotional distress and mental anguish.

76. As a result of the foregoing wrongful, careless and intentional acts of Defendants, Plaintiff have been damaged in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A NINTH CLAIM AGAINST DEFENDANT "CITY OF NEW YORK" FOR NEGLIGENCE HIRING

77. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "76" above, as if fully set forth herein.

78. Plaintiff allege that individual CITY Defendants were incompetent, or vicious propensities, of bad disposition, and given to harassment.

79. Plaintiff alleges that Defendant CITY OF NEW YORK had knowledge of these facts which would have caused a reasonably prudent person to investigate individual CITY Defendants' disposition.

80. Plaintiff alleges that Defendant CITY could reasonably have anticipated that individual CITY Defendants' disposition would be likely to result in injury to others.

81. Plaintiff alleges that Defendant CITY failed to use

reasonable care to correct or remove individual CITY Defendants.

82. As a result of Defendant CITY's conduct, Plaintiff suffered mental anguish, emotional distress, loss of employment opportunities and other economic monetary damages.

83. Because of the foregoing Plaintiff has been damaged in the Amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR AN TENTH CLAIM AGAINST DEFENDANT "CITY" FOR NEGLIGENT SUPERVISION

84. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "83" above, as if fully set forth herein.

85. Plaintiff alleges that individual CITY Defendants were incompetent, or vicious propensities, of bad disposition, and given to harassment.

86. Plaintiff alleges that Defendant CITY had knowledge of these facts which would have caused a reasonably prudent person to closely supervise individual CITY Defendants.

87. Plaintiff alleges that Defendant CITY could reasonably have anticipated that individual CITY Defendants' disposition would be likely to result in injury to others.

88. Plaintiff alleges that Defendant CITY failed to use reasonable care to correct or remove individual CITY Defendants.

89. As a result of Defendant CITY's conduct, Plaintiff suffered mental anguish, emotional distress, loss of employment opportunities and other monetary damages.

90. Because of the foregoing Plaintiffs has been damaged in the Amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A ELEVENTH CLAIM AGAINST
## DEFENDANT "CITY" FOR NEGLIGENT RETENTION

91. Plaintiffs repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "90" above, as if fully set forth herein.

92. Plaintiff alleges that individual CITY Defendants were incompetent, or vicious propensities, of bad disposition, and given to harassment.

93. Plaintiff alleges that Defendant CITY had knowledge of these facts which would have caused a reasonably prudent person to terminate individual CITY Defendants.

94. Plaintiff alleges that Defendant CITY could reasonably have anticipated that individual CITY Defendants' disposition would be likely to result in injury to others.

95. Plaintiff alleges that Defendant CITY failed to use reasonable care to correct or remove individual CITY Defendants.

96. As a result of Defendant CITY's conduct, Plaintiffs suffered mental anguish, emotional distress, loss of employment opportunities and other monetary damages.

97. Because of the foregoing Plaintiffs has been damaged in the Amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## JURY TRIAL

98. Plaintiffs request a jury trial on all questions of fact.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

1.  Declare that the aforementioned actions of Defendants were unconstitutional and in violation of the United States Constitution, the New York State Constitution and New York City Human Rights Law and Administrative Code along with all applicable statutes;

2.  Declare that the aforementioned discriminatory actions of Defendants were in violation of 42 U.S.C. §§ 1981, 1983 and Title VII of the Civil Rights Act of 1964, as amended and New York State Executive Law § 296, and New York City Administrative Code Section 8-107(1), et seq.;

3.  Find that Defendants intentionally inflicted emotional distress upon the Plaintiff;

4.  Enjoin the Defendants and their successors, agents, servants, employees and those in active concert or participation with them from subjecting their employees to retaliatory and harassing conduct based on Plaintiff's race and national origin and his engagement in the protected activity of formally complaining of said discrimination and hostile work environment;

5.  As and for Plaintiff's Claims, grant Plaintiff the sum of $500,000.00, along with punitive and exemplary damages in the amount of $500,000.00 against the individual Defendants;

6.  Grant Plaintiff all costs for this action, including reasonable attorney's fees pursuant to 42 U.S.C. § 1988; and

7.    Grant Plaintiff such other and further relief as this Court deems just.

Dated:    Lake Success, New York
          October 20, 2011

                              Yours, etc.

                              CRONIN & BYCZEK, LLP

                              _____
                              LINDA M. CRONIN (LC0766)
                              1983 Marcus Ave. - Suite C-120
                              Lake Success, New York 11042
                              (516) 358-1700

Exhibit "A"

EEOC Form 161 (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Saul Jeune**
**174-15 142 Avenue**
**Jamaica, NY 11434**

From: **New York District Office**
**33 Whitehall Street**
**5th Floor**
**New York, NY 10004**

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2011-02514** | Gwendolyn D. Hoy, **Investigator** | **(212) 336-3723** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[  ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[  ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____    1/19/2011
Kevin J. Berry,    *(Date Mailed)*
**District Director**

Enclosures(s)

cc    **Thomas Doepfner**
**Assistant Deputy Commissioner**
**NYPD**
**Legal Bureau**
**1 Police Plaza - Room 1406**
**New York, NY 10038**

**Linda M. Cronin, Esq.**
**Fountains at Lake Success**
**1983 Marcus Avenue - Suite C-120**
**N New Hyde Pk, NY 11042**

Index No.                    Year 20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAUL JEUNE,

                          Plaintiff,

          -against-

THE CITY OF NEW YORK, et al.,

                          Defendants.

SUMMONS AND COMPLAINT

Cronin & Byczek, LLP
1983 Marcus Avenue
Suite C-120
Lake Success, New York  11042

(516) 358-1700

*To:*

*Attorney(s) for*

*Service of a copy of the within*                                    *is hereby admitted.*

*Dated:*

............................................................

*Attorney(s) for*

**PLEASE TAKE NOTICE**

☐ NOTICE OF ENTRY
*that the within is a (certified) true copy of a*
*entered in the office of the clerk of the within named Court on*                    20

☐ NOTICE OF SETTLEMENT
*that an Order of which the within is a true copy will be presented for settlement to the Hon.*
*one of the judges of the within named Court,*
*at*
*on*                    20          *, at*          M.

*Dated:*

Cronin & Byczek, LLP
1983 Marcus Avenue
Suite C-120
Lake Success, New York  11042

*To:*